**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                           Case No. 15-20609

ERIK RADATZ,

       Defendant.
_____/

**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO WAIVE
ATTORNEY-CLIENT PRIVILEGE**

Defendant Erik Radatz pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 395, PageID.3376-77.) On November 19, 2018, the court sentenced him to 108 months imprisonment. (ECF No. 511, PageID.4221.)

Defendant moves to vacate his sentence under 28 U.S.C. § 2255, arguing his attorney provided ineffective assistance of counsel ("IAC"). (ECF No. 637.) He also moves to waive attorney-client privilege so that a factual record can be developed to support his IAC claim. (ECF No. 638.) Defendant's motion to waive will be denied as unnecessary and therefore moot.

First, if Defendant does not want communications with his attorney to be protected, a motion to waive the privilege is not the appropriate procedure. "[O]nly the client may assert the attorney-client privilege." *In re Antitrust Grant Jury*, 805 F.2d 155, 163 (6th Cir. 1986); *see also* 1 Kenneth S. Broun, McCormick on Evidence § 92 (8th ed.

2020) ("[I]t is now generally agreed that the privilege is the client's and his alone"). Defendant holds the authority and has the burden to assert and prove the privilege. *Untied States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) ("The burden of establishing the existence of the privilege rests with the person asserting it."). If he does not wish to assert attorney-client privilege, that is Defendant's choice to make; it is not the court's decision and a motion is not needed.

Second, facts material to Defendant's IAC claim are already waived. "The privilege is held to be waived when a client attacks the quality of his attorney's advice . . . on grounds of inadequate legal representation." *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005). The privilege is waived "to the extent necessary to litigate a [defendant's] ineffective assistance of counsel claims." *Id.* at 453 (citation removed). Defendant seeks waiver for evidence relevant to his claim of IAC. A motion to do so is unnecessary. Accordingly,

IT IS ORDERED that Defendant's "Motion to [W]aive [A]ttorney-[C]lient Privilege" (ECF No. 638) is DENIED AS MOOT.

                                                 s/Robert H. Cleland           /
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated: July 10, 2020
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 10, 2020, by electronic and/or ordinary mail.

                                               s/Lisa Wagner             /
                                               Case Manager and Deputy Clerk
                                               (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.RADATZ.MotiontoWaiveAttorney-ClientPrivilege.RMK.docx