**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           Criminal Case No. 15-20609
                                            Civil Case No. 20-10600

ERIK RADATZ,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE**

In February 2018, Defendant pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 395, PageID.3376-77.) Defendant entered his guilty plea pursuant to a Rule 11 Plea Agreement. (*Id.*) On November 19, 2018, the court sentenced him to 108 months imprisonment. (ECF No. 511, PageID.4221.)

Defendant moves to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 637.) He claims he received ineffective assistance of counsel and did not fully appreciate the sentencing enhancements contained in his plea agreement. Despite Defendant's repeated approval of the agreement, under oath, he now claims he did not understand it. He presents other arguments citing criminal and civil law principles, all of which are immaterial.

The government has filed a response and Defendant has replied. (ECF Nos. 648, 653.) For the reasons stated below, Defendant's motion will be denied.

## I. BACKGROUND

In 2017, Defendant was indicted as part of a sprawling methamphetamine production and distribution conspiracy. (ECF No. 275.) He first appeared on the case's fourth superseding indictment. (*Id.*)

Defendant, his counsel, and the government reached a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (ECF No. 395.) As part of the Rule 11 agreement, Defendant pleaded guilty to one count of conspiracy to distribute and manufacture methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1). (*Id.*, PageID.3376-77.) Defendant's sentencing worksheet, attached to the plea agreement, included two agreed-upon sentencing enhancements proposed by the parties to the court. Defendant now challenges these enhancements. The final guideline range was 121-151 months imprisonment. (ECF No. 395, PageID.3388.) Defendant and the government agreed to a recommended sentence not to exceed 151 months, the highest point of the agreed guideline range. (ECF No. 395, PageID.3378-79.)

At Defendant's plea hearing on February 6, 2018, he made clear in his testimony that he understood the agreement and all its ramifications. (ECF No. 498.) Defendant recognized that the plea agreement contained "terms[,] conditions[,] and calculations" for his sentence and that, if the court's sentence fell within the recommended range, he could not appeal. (*Id.*, PageID.4139-40.) He also stated that the plea process was untainted by secret agreements, duress, or incompetence and indicated that he had "thoroughly" discussed the agreement with his attorney. (*Id.*, PageID.4136-37, 4152-53.)

On November 30, 2018, the court sentenced Defendant to 108 months. (ECF No. 511, PageID.4221.) The sentence, a significant departure or variance, fell forty-three

months below the plea agreement's recommended sentence and thirteen months below the guideline range. (ECF No. 395, PageID.3378-79, 3388.)

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). The Sixth Circuit has clarified that § 2255 provides three bases for a valid claim: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

The Sixth Amendment to the United States Constitution guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." Ineffective assistance of counsel, guaranteed under the Sixth Amendment's right to counsel, is a valid basis for suit under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such a claim falls into the first § 2255 category, errors of constitutional magnitude. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (citing *Pough*, 442 F.3d at 964; *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The Supreme Court laid out the framework for analyzing an ineffective assistance of counsel claim in the decision *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Court held that in order to prove ineffective assistance of counsel, a prisoner must show 1) "that counsel's performance was deficient" and 2) "that the deficient performance prejudiced the defense." *Id.* at 687.

For counsel to be "deficient," representation must "[fall] below an objective standard of reasonableness." *Id.* at 688. "[T]rial counsel's tactical decisions are particularly difficult to attack." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 689-90).

To show that an attorney's performance "prejudiced the defense," the prisoner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *accord Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"[T]he same two-part standard [under *Strickland*] . . . appli[es] to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "[T]he first half of the [*Strickland*] test is nothing more than a restatement of the [conventional] standard of attorney competence." *Id.* at 58-59. The second half of the

4

analysis differs. The "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* The prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The prisoner has the burden to prove his or her claim by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003)). The prisoner must come forward with verifiable allegations of fact sufficient to support an entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959). Mere legal conclusions are inadequate. *O'Malley*, 285 F.2d at 735; *Loum*, 262 F.2d at 867. A court may deny a prisoner's § 2255 motion if the prisoner's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. DISCUSSION

Defendant's § 2255 motion relies almost entirely on a claim of ineffective assistance of counsel. Although far from clear, he appears to present other legal theories citing laws of criminal procedure and contracts. Defendant also requests a hearing and appointment of counsel. The court will address each issue in turn.

**A. Ineffective Assistance of Counsel**

Defendant alleges that his counsel was ineffective in negotiating the plea bargain he eventually accepted. Specifically, Defendant contends his attorney did not adequately inform him of sentencing enhancements contained in the plea agreement for maintaining a premises for manufacturing methamphetamine, U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (U.S. Sentencing Comm'n 2018), and for committing an offense involving methamphetamine and creating a substantial risk to human life, U.S. Sentencing Guidelines Manual § 2D1.1(b)(13)(C). (ECF No. 637, PageID.5370-71.)

However, by any measure, Defendant received a very favorable sentence. Defendant fell within the "safety-valve" provisions of 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual § 5C1.2 and was not subject to a mandatory minimum. His sentence was forty-three months below the plea agreement's recommended sentence and thirteen months below the guideline range. (ECF No. 395, PageID.3378-79, 3388.) The government also points out that Defendant's guideline sentence may have been double what it ultimately was if he had taken his case to trial and been convicted. (ECF No. 648, PageID.5443.)

In order to establish ineffective assistance of counsel, Defendant must show that, despite the reduced sentence he received for the crime to which he pleaded guilty, Defendant would not have accepted the plea agreement and gone to trial but for defense counsel's ineffective representation. *Lockhart*, 474 U.S. at 59. Yet Defendant states explicitly that he does not wish to withdraw his guilty plea. (ECF No. 637, PageID.5372.) He also does not assert he would have rejected the plea agreement if

his attorney had acted differently. After Defendant pleaded guilty, the court imposed a sentence that was a full 10% lower than the mandatory minimum. Defendant makes no assertion and presents no evidence that, had he gone to trial, the result of the case would have been different or that he would have received a lower sentence. *Strickland*, 466 U.S. at 694.

Defendant's motion fails on both prongs of the *Strickland* framework. *Id.* at 687. First, there is no evidence of deficient performance on the part of Defendant's counsel. *Id.* at 688. The plea agreement that Defendant's attorney helped craft reduced the risk of a substantially higher sentencing guideline range. (ECF No. 648, PageID.5443.) Although the court may have departed from that range, as it did with Defendant's sentence, sentencing guidelines serve as important considerations in fashioning sentences. 18 U.S.C. 3553(a)(4) (Sentencing factors include "the sentencing range established.").

Defendant does not assert or provide detail as to whether and how the sentencing enhancements he complains of were inadequate. Without a description of how the enhancements were flawed, the court cannot find that counsel's failure to describe the enhancements to Defendant, or contest them during negotiations or at sentencing, "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The actions Defendant alleges his attorney took, even if true, would be "within the wide range of reasonable professional assistance." *Knowles*, 556 U.S. at 124. Defendant points to no standard of professional legal practice that shows his attorney was deficient; he makes no mention of how his attorney failed a professional duty.

Second, Defendant cannot demonstrate how his attorney's representation "prejudiced [his] defense." *Strickland*, 466 U.S. at 687. Defendant agreed to the plea and stated repeatedly at his plea and sentencing hearings that he agreed to the terms understood the arrangement. (ECF No. 498, PageID.4136-37, 4139-40, 4152-53.) Even now, he does not wish to withdraw his plea. (ECF No. 637, PageID.5372.) The plea agreement contained the sentencing enhancements Defendant now complains of and included a recommended sentence of 151 months. (ECF No. 498, PageID.4146; ECF No. 584, PageID.5069.) The government had strong evidence of guilt and the plea agreement was a favorable and highly beneficial option for Defendant.

As stated, Defendant received a comparatively low sentence, considering the mandatory minimum and calculated guideline range for his crime. Despite agreeing to a recommended sentence of 151 months, Defendant received 108 months. (ECF No. 395, PageID.3379; ECF No. 584, PageID.5070-71.) If he had rejected the agreement, Defendant would have run the risk of a much higher sentence. (ECF No. 648, PageID.5443.) He does not explain how or why rejecting the plea agreement as written would have been a superior option.

Defendant acknowledged the details of the plea agreement several times and stated that he thought he was well-informed on the details. (ECF No. 498, PageID.4146.) Furthermore, the plea agreement included a factual basis section to which Defendant agreed. (ECF No. 395, PageID.3386.) His present argument contradicts his voluntary and "well educated" agreement at the plea hearing. *See Valentine*, 488 F.3d at 333 (The court may deny a § 2255 motion when a prisoner's "allegations cannot be accepted as true because they are contradicted by the record.").

8

(ECF No. 498, PageID.4146.) Defendant cannot establish that, even if his attorney's representation were deficient (which it was not), prejudice of any description resulted from his attorney's performance. He does not even ask for a different outcome, simply a resentencing without the enhancements. (ECF No. 637, PageID.5372.) Defendant fails to present an arguable basis for prejudice and has not shown "that there is a reasonable probability that, but for counsel's [purported] errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Defendant claims he did not understand the full factual background that went into the preparation of the plea agreement but does not substantively dispute the resulting terms. He stated, on the record and under oath, that he was able to review the agreement with counsel, read it, and understood the sentencing guideline worksheet that listed his sentencing enhancements. (ECF No. 395, PageID.3383-85.) The court will deny Defendant's claim of ineffective assistance of counsel.

### B. Additional Claims

Defendant appears to make at least two other claims in his § 2255 motion. Even if fully articulated, they would be insufficient to warrant vacating or correcting his sentence. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation removed) ("A document filed *pro se* is to be liberally construed.").

First, Defendant seems to indicate that the two sentencing enhancements were added in violation of basic criminal law principles. (*See* ECF No. 653, PageID.5490-91.) Defendant references, particularly in his reply brief, that the sentence enhancements were added under the lower "preponderance of the evidence" standard, rather than the higher "beyond a reasonable doubt" standard. (*Id.*, PageID.5490.) This is an incorrect

understanding of the law regarding sentence enhancements. In order to be convicted of a *crime*, the government must prove (absent a defendant's guilty plea) every element of the offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). However, the facts necessary to apply a sentencing enhancement, once a crime has been established, need be proven by no more than a preponderance of the evidence. *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006); *see also* U.S. Sentencing Guidelines Manual § 6A1.3. Defendant's claim that he was deprived of a right to have facts found beyond a reasonable doubt is not legally sustainable. *Gates*, 461 F.3d at 708 ("Therefore, we find that judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard . . . does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury.").

Defendant also states the government failed to prove an "actus reus" and "mens rea" for his sentencing enhancements. (ECF No. 637, PageID.5368.) However, these terms are analytical concepts to discern elements of a criminal offense that must be proven beyond a reasonable doubt. *E.g. Actus Reus*, Black's Law Dictionary (11th ed. 2019) ("The wrongful deed that comprises the physical components of a crime and that generally must be coupled with mens rea to establish criminal liability."). They are not elements of sentencing enhancements. Defendant's criminal law claims fail.

Second, Defendant presents arguments under the law of contracts. (ECF No. 637, PageID.5369-70.) He correctly states that plea agreements are governed, in part, by principles of contract law. *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991) ("Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law."). Defendant seems to suggest that

he did not knowingly agree to the enhancements simply because they were in a worksheet and not in the text section of the plea agreement. The agreement was filed as a whole; the court and Defendant accepted it at Defendant's plea hearing. (ECF No. 395; ECF No. 498, PageID.4161.) Nonetheless, the recommended sentence of 151 months was in the written part of the plea agreement, which Defendant does not claim was in error. (ECF No. 395, PageID.3379.) Defendant agreed to the result of the sentencing worksheet, even if he did not view the worksheet itself as informative.

Defendant signed the plea agreement just below the acknowledgement that he "read (or has been read) this entire document, understands it, and agrees to its terms." (ECF No. 395, PageID.3383-85.) The acknowledgement continues: "He also acknowledges he is satisfied with his attorney's advice and representation." (*Id.*, PageID.3385.) If evaluated under the law of contracts, Defendant's plea agreement, including the worksheet, is enforceable. Restatement (Second) of Contracts § 50 (Am. Law Inst. 1981) ("Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer."). Defendant's claim based in contract law fails.

### C. Request for a Hearing and Appointment of Counsel

Defendant makes an oblique request for a hearing and appointment of counsel. He states in two sentences, at the end of his motion, that the court "may also consider" the requests. (ECF No. 637, PageID.5372.) In Defendant's own words, the purpose of a hearing with appointed counsel would be to investigate the interactions between Defendant and his former counsel, and former counsel's "expl[anation] . . . [of] the definition of preponderance of the evidence" standard. (ECF No. 637, PageID.5372.)

The court may deny an evidentiary hearing for a § 2255 motion if "the record conclusively shows the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). A hearing may be required "where there is a factual dispute." *Id.* (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).

Defendant cites two cases in support of his position. One is a district court opinion denying a hearing and counsel; the other is a Sixth Circuit opinion vacating a district court's denial of a § 2255 motion. *See Walker v. United States*, Case No. 17-1107, 2017 U.S. App. LEXIS 21176 (6th Cir. Oct. 23, 2017); *United States v. Connor*, Case No. 15-20710-1, 2018 U.S. Dist. LEXIS 65839 (E.D. Mich. Apr. 19, 2018). The Sixth Circuit case has distinguishable facts. There, the government confessed error and requested an evidentiary hearing. *Walker*, 2017 U.S. App. LEXIS 21176. These cases do not support Defendant's request for an evidentiary hearing.

Defendant asks for an investigation into what transpired between him and his counsel. Such an inquiry is irrelevant where Defendant does not contest the substance of the sentencing enhancements included in his plea agreement and does not seek to withdraw his guilty plea. He repeatedly affirmed that he entered into the agreement voluntarily and knowingly. (ECF No. 395, PageID.3383-85; ECF No. 498, PageID.4136-37, 4139-40, 4152-53.) There are no factual disputes to resolve and Defendant is entitled to no relief. *Martin*, 889 F.3d at 832. A hearing is unnecessary. *Id.*

The court may appoint counsel when an evidentiary hearing is not required if the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Defendant has not presented a valid claim for relief; appointment of counsel is unnecessary. Defendant's request will be denied. *Id.*

## IV. CONCLUSION

Defendant has not stated a valid claim for relief under § 2255. His counsel did not provide ineffective assistance, nor was Defendant prejudiced by any imaginable deficiency in counsel's performance. *Strickland,* 466 U.S. at 687. Defendant has not substantiated claims under criminal law or the law of contracts. Accordingly,

IT IS ORDERED that Defendant's "Motion to Vacate Sentence Under 28 U.S.C. [§] 2255" (ECF No. 637) is DENIED.

                s/Robert H. Cleland        /
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: July 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 10, 2020, by electronic and/or ordinary mail.

                s/Lisa Wagner           /
                Case Manager and Deputy Clerk
                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20609.RADATZ.MotiontoVacateSentence.TC.RMK.RHC.5.docx